NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

23-465

HATTIE YOUNG AND ALFRED PITRE

VERSUS

KIM BOURGEOIS, ET AL

**********

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 779,037-A (B)
HONORABLE CHUCK RANDALL WEST, DISTRICT JUDGE

**********

CANDYCE G. PERRET

JUDGE

**********

Court composed of Candyce G. Perret, Jonathan W. Perry, and Ledricka J. Thierry, Judges.

MOTION TO DISMISS APPEAL DENIED.

**Donald Lynn Mayeux**
**Attorney at Law**
**Post Office Drawer 1460**
**Eunice, LA 70535**
**(337) 457-9610**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Hattie Young**
    **Alfred Pitre**

**Anthony Craig Dupre**
**Attorney at Law**
**Post Office Drawer F**
**Ville Platte, LA 70586**
**(337) 363-3804**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Kim Bourgeois**

**Michael Fontenot**
**In Proper Person**
**1094 Dossman Lake Road**
**St. Landry, LA 71367**
**(000) 000-0000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Michael Fontenot**

**PERRET, Judge.**

Defendant-Appellee, Kim Bourgeois, has filed a Motion to Dismiss Appeal on the basis that the brief filed by Plaintiffs-Appellants, Hattie Young and Alfred Pitre, is deficient and noncompliant with Uniform Rules—Courts of Appeal, Rule 2-12.4. For the reasons set forth herein, we deny the motion.

On November 15, 2019, Defendant-Appellee, Michael Fontenot was cutting branches from a tree allegedly owned by Defendant, Kim Bourgeois, on property adjacent to a lot owned by Plaintiffs, Hattie Young and Alfred Pitre. The tree extended over the property line and hung over a mobile home situated on Plaintiffs' property. While Michael Fontenot was cutting the branches, the branches fell on the mobile home causing damage to the home and injuring Hattie Young.

Plaintiffs filed suit on November 16, 2020, naming Michael Fontenot and Kim Bourgeois as Defendants. Following a trial on the merits, judgment was rendered in favor of Plaintiffs and against Defendant, Michael Fontenot. All claims against Defendant, Kim Bourgeois, were dismissed. A final judgment was signed on May 8, 2023. Plaintiffs filed a Motion for Devolutive Appeal on June 15, 2023, and an Order for Devolutive Appeal was signed by the trial court on June 19, 2023.

After the appeal was lodged in this court and after Plaintiffs filed their appellate brief, Defendant, Kim Bourgeois, filed a Motion to Dismiss Appeal, asserting therein that Plaintiffs' brief is deficient and noncompliant with Uniform Rules—Courts of Appeal, Rule 2-12.4 in that it does not contain the following:

A) a concise statement of the case, indicating the nature of the case, the action of the trial court and the disposition;

B) assignment of alleged errors;

C) a list of issues presented for review;

D) a statement of facts relevant to the assignments of error and issues for review with reference to specific page numbers of the record;

E) a valid certificate of service, since it does not delineate that a copy was sent to Judge Chuck R. West, nor to what address it was sent; and

G) a copy of the Judgment or Order of the trial court which is being appealed.

Bourgeois, also asserts that a copy of Plaintiffs' Motion for Devolutive Appeal was never sent to Defendant, Michael Fontenot, in proper person, as can be seen by reference to the certificate of service and service instructions. Due to noncompliance with Rule 2-12.4, Bourgeois maintains that it is impossible to address Plaintiffs' brief since there are no assignments of error or issues presented for review to which he can respond. As such, Bourgeois moves this court to dismiss Plaintiffs' appeal, with prejudice and at Plaintiffs' costs. Bourgeois also prays that the deadline to file Appellee's brief be extended and reset pending this court's ruling on the motion to dismiss the appeal.

In their Answer to Motion to Dismiss Appeal, Plaintiffs deny that their brief is deficient and noncompliant with Rule 2-12.4. Plaintiffs state that their brief contains a concise statement. Regarding the assignment of alleged errors, Plaintiffs assert that the trial court erred in finding that Bourgeois was not liable. A list of issues, Plaintiffs maintain, include the award of $2,500.00 to Hattie Young and $1,800.00 to Alfred Pitre by Michael Fontenot who was never a part of the claim. Plaintiffs state that the other error is that there was no money awarded to Plaintiffs from Bourgeois. Further, Plaintiffs claim that the amount of their trailer damage should have been a very high sum because the amount declared by the witnesses totaled more than $41,540.00. Plaintiffs also state that the assignments of error and issues for review are discussed on the pages of the brief.

Next, Plaintiffs state that their appellate brief was attached to the original brief, and a copy was sent to Judge Chuck West at the correct address, Evangeline Parish Courthouse, P.O. Box 1017, Ville Platte, LA 70586. Also, a copy of the trial court's judgment or order was prepared and sent. Lastly, Plaintiffs confirm that they did not send anything to Michael Fontenot because he has never been located and his address is unknown despite a hard effort to find him. Plaintiffs conclude that their brief and answer cover the assignments of error or issues for review—that Bourgeois was not ordered to pay money to Plaintiffs. Plaintiffs have no objection to Bourgeois' request for an extension of time in which to file his brief.

We note that Plaintiffs' brief contains the following: table of contents, table of authorities, affidavit of verification, statement of jurisdiction, statement of the case and action of the trial court, argument, and conclusion. The format of the brief does not comply with Rule 2-12.4 in that it does not contain several required items, including an assignment of alleged errors, issues for review, and a statement of facts relevant to the assignments of error and issues for review with reference to specific page numbers of the record. Uniform Rules—Courts of Appeal, Rule 2-12.13 provides that "[b]riefs not in compliance with these Rules may be stricken in whole or in part by the court, and the delinquent party or counsel of record may be ordered to file a new or amended brief." Thus, the sanction to be imposed for a nonconforming brief is left to the discretion of the court. *Smith v. State through Dept. of Transp. and Dev.*, 21-192 (La.App. 3 Cir. 3/3/22), 350 So.3d 879.

Rule 2-12.13 does not set forth the dismissal of the appeal as a penalty for noncompliance with Rule 2-12.4. Although not a typical brief which conforms to Rule 2-12.13, with the assignment of alleged errors, issues for review, and a statement of facts relevant to the assignments of error and issues for review with

3

reference to specific page numbers of the record, we find that the brief does set forth the basic premise of Plaintiffs' argument.  Further, Plaintiffs clarify the alleged errors and issues for review in their Answer to Motion to Dismiss Appeal.  Accordingly, we deny the motion to dismiss the appeal.  Bourgeois is given until October 23, 2023, to file an Appellee's brief.

**MOTION TO DISMISS APPEAL DENIED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.